UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN JOSEPH STAUFFER,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN,<br><br>Defendant. | Case No. C14-428RSL<br><br>ORDER AFFIRMING COMMISSIONER |

The Court has reviewed and carefully considered the Report and Recommendation ("R & R") of United States Magistrate Judge John L. Weinberg, Dkt. # 18; plaintiff's "Objections To Report And Recommendation," Dkt. # 19; defendant's response thereto, Dkt. # 20; and the balance of the record. The Court ADOPTS the Report and Recommendation, and AFFIRMS the decision of the Commissioner, for the following reasons:

## I.  LEGAL STANDARD

A district court has jurisdiction to review a Magistrate Judge's Report and Recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Id. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the Report and Recommendation to which a specific written objection is

ORDER AFFIRMING COMMISSIONER - 1

made.  United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."  Id.

Although review of an R & R is de novo, the Court must defer to the factual findings of the administrative law judge ("ALJ") and may set aside the Commissioner's denial of social security benefits only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record.  42 U.S.C. § 405(g); Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005).  In this way, the Court's review of the R & R is different from the Court's review of the underlying decision of the ALJ.  With respect to the underlying decision, the Court must examine the record as a whole and may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  The ALJ determines credibility, resolves conflicts in medical testimony, and resolves any other ambiguities that may exist.  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).  When the evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's conclusion.  Thomas, 278 F.3d at 954.

Claimants bear the burden of proving that they are disabled within the meaning of the Social Security Act.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999).  The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment that has lasted, or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. § 423(d)(2)(A); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  See 20 C.F.R.

ORDER AFFIRMING COMMISSIONER - 2

§§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At step five, the burden shifts to the Commissioner.  See Valentine v. Comm'r of Sec. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009).

## II.  DISCUSSION

### A.   Lena Swanson, Psy.D.

The R & R adequately summarizes the history of this case and the ALJ's findings; thus, the Court focuses on plaintiff's objections.  Plaintiff argues that the ALJ failed to properly consider the opinion of Dr. Lena Swanson, who examined plaintiff in September 2009 and concluded that plaintiff "is likely able to work productively and get along with others given a supportive and understanding work environment, and one in which his work is clearly defined and highly structured."  AR 558.  Specifically, plaintiff argues that, despite claiming to give Dr. Swanson's findings "significant weight," AR 22, the ALJ's residual function capacity assessment ("RFC") and his hypotheticals to the vocational expert ("VE") in the case did not limit plaintiff to working in a "supportive and understanding" work environment with "clearly defined and highly structured" work.  Dkt. # 19 at 3.  Plaintiff contends that Magistrate Judge Weinberg erred in finding that Swanson did not expressly limit plaintiff to such a work environment, and further erred in finding that the RFC accounted for the limitations identified by Swanson.  Id. at 4.

While an ALJ's RFC must be consistent with a doctor's opinion (that the ALJ does not provide specific and legitimate reasons to reject), it need not be identical to this opinion.  See Turner v. Comm'r of Sec. Sec. Admin., 613 F.3d 1217, 1222-23 (9th Cir. 2010).  However, an ALJ's hypothetical to a vocational expert must reflect all limitations that are supported by substantial evidence in the record; if it does not, then the vocational expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.  Hill v. Astrue, 698 F.3d 1153, 1161-62 (9th Cir. 2012) (citations omitted); see

ORDER AFFIRMING COMMISSIONER - 3

Bayliss, 427 F.3d at 1217-18 (hypothetical to VE need only include limitations supported by substantial evidence in the record).

Contrary to Magistrate Judge Weinberg, the Court agrees with plaintiff that, according to a plain reading of Dr. Swanson's assessment, plaintiff requires the above type of environment in order to work productively. Nevertheless, this Court concurs with Magistrate Judge Weinberg that the ALJ's RFC properly accounted for the limitations Swanson identified. The ALJ accommodated plaintiff's need for clearly-defined and highly-structured work by limiting him to unskilled, repetitive and routine work; and accommodated plaintiff's need for a supportive and understanding work environment by limiting him to employment where he could be off-task 5% of the time and where he would have limited interaction with coworkers and supervisors and no contact with the public. Limiting plaintiff's interactions with others specifically accommodates plaintiff's problems with interpersonal interaction, which are noted in Swanson's assessment and clearly contribute to his need for an "understanding and supportive" environment. See AR 558.

The Court disagrees with plaintiff's argument that the ALJ failed to build a logical bridge from the evidence to his conclusions, and that the above reasoning impermissibly affirms an ALJ's finding on a basis not articulated by the ALJ. The ALJ's opinion recited Dr. Swanson's findings, including Swanson's broad statement about the type of work environment plaintiff requires; and then provided an RFC that was clearly consistent with and clearly accounted for these findings. It was unnecessary for the ALJ to further explain how his RFC was consistent with Dr. Swanson's conclusions.

**B.    Daniel Kodner, M.D.**

Plaintiff argues that the ALJ failed to properly consider the opinion of Dr. Daniel Kodner, M.D., namely Kodner's conclusion that plaintiff would have "moderate difficulty managing the usual stress in the workplace because of his idiosyncratic preferences," AR 596. Plaintiff argues that the ALJ did not account for this limitation in his hypotheticals to the VE or in his assessment, and that the ALJ failed to explain how his assessment was consistent with Dr.

ORDER AFFIRMING COMMISSIONER - 4

Kodner's opinion despite giving Kodner's opinion significant weight. Dkt. # 19 at 6-8.

Consistent with the R & R, the Court finds that the ALJ properly accounted for the above limitation. Kodner indicated that plaintiff's difficulties in work environments related to "lack of structure" and to plaintiff's personality, AR 596; and Kodner noted that plaintiff had an "unusual and idiosyncratic" way of "relating to others," AR 595. It is clear from these observations that lack of structure and interpersonal interaction are significant workplace stressors for plaintiff. The ALJ accounted for plaintiff's difficulty handling these stressors by limiting plaintiff to unskilled, repetitive and routine work (addressing the problems caused by "lack of structure") and by limiting his interactions with coworkers, supervisors and the public, see AR 20 (addressing his difficulty with relating to others). While Kodner also indicated that plaintiff could perform complex tasks, accept instruction and interact with others, AR 596, the ALJ's limitations accounted for the fact that plaintiff would struggle when unstructured environments and interpersonal interaction caused him stress. The ALJ did not need to further explain how he considered or accounted for Dr. Kodner's findings.

### C.     Adrienne Solenberger, M.A.

Plaintiff argues that the ALJ failed to properly consider the observations of plaintiff's case manager, Adrienne Solenberger, M.A., which the ALJ discounted on the grounds that plaintiff's substance abuse affected his functionality while Solenberger was observing him and that plaintiff appeared more functional when he was sober, see AR 26. Plaintiff emphasizes that, according to Solenberger, plaintiff struggled to keep a schedule and frequently forgot or failed to attend appointments despite reminders; plaintiff struggled with authority and was prone to lash out angrily; plaintiff had poor handwriting and difficulty touching or holding writing utensils; and plaintiff generally required support to live independently. Dkt. # 19 at 8-9.

Claimants are not considered disabled and eligible for benefits if alcoholism or drug addiction is a contributing factor. 42 U.S.C. §§423(d)(2)(C), 1382c(a)(3)(J); Bustamante v. Massanari, 262 F.3d 949, 954 (2001). To determine whether substance abuse is a contributing

ORDER AFFIRMING COMMISSIONER - 5

factor, the ALJ must first conduct the necessary five-step inquiry for finding disability "without separating out the impact of" claimant's substance abuse. Bustamante, 262 F.3d at 955. If the ALJ finds the claimant to be disabled, he must conduct a second five-step inquiry to determine if the claimant would still be disabled in the absence of substance abuse. Id.

An ALJ may disregard evidence from a lay witness after providing a germane reason for doing so. Turner, 613 F.3d at 1224. As detailed in the R & R, the record indicates that plaintiff's repeated struggles with substance abuse affected his functionality and thus the behavior that Ms. Solenberger observed. Dkt. # 18 at 8. Solenberger's assessment concluded that plaintiff's ability to care for himself and interact with others was limited, AR 300-07; however, her notes suggest that plaintiff's functionality in these areas increased when plaintiff abstained from drug and alcohol abuse and took his psychiatric medication, e.g., AR 763, 776. Noting this, the ALJ properly discounted Solenberger's conclusions. See AR 26 ("While the undersigned has considered Ms. Solenberger's reporting, her notes . . . support the claimant had improved functioning when he abstained from substances."). Plaintiff argues that Solenberger's notes and assessment still suggest that plaintiff had functional deficits even while sober. Nevertheless, the Court concurs with Magistrate Judge Weinberg that the record (including Solenberger's notes) provides substantial evidence to support the ALJ's finding that plaintiff's limitations are significantly reduced when he abstains from drugs and alcohol and that he is able to work.

**D.     Issues With Writing**

Plaintiff argues that the ALJ erred by failing to include plaintiff's poor handwriting and difficulty holding writing instruments in his RFC and his hypotheticals, despite the fact that these problems were observed by Solenberger and by plaintiff's mother. Dkt. # 19 at 9; AR 305; AR 230-31.[1] The government has argued that at most this omission by the ALJ would be harmless error, given that at least one of the jobs identified by the VE and ALJ as a job plaintiff

---

[1] The ALJ's report acknowledged Solenberger's observation that plaintiff had "extremely poor" handwriting, although this was not expressly included in his RFC. AR 26.

ORDER AFFIRMING COMMISSIONER - 6

could perform, "packing line worker" (AR 27), requires minimal writing. Dkt. # 15 at 15. Plaintiff has disputed this assertion, arguing that the job involves counting and tallying items and that a vocational expert should determine the amount of writing that it requires. Dkt. # 16 at 8. Magistrate Judge Weinberg held that the ALJ did not err in omitting the writing issue from his RFC and hypotheticals because there was simply too little information in the record establishing the severity of plaintiff's writing problem. Dkt. # 18 at 9 (noting that neither plaintiff's mother nor Ms. Solenberger gave a "specific limitation" related to writing or the use of pens or pencils). Plaintiff contends that the ALJ was nevertheless obliged to "consider" this limitation, given that there was no contradictory evidence disputing that the limitation existed. Dkt. # 19 at 9.

An ALJ must consider lay witness testimony concerning a claimant's symptoms impairing his ability to work; such testimony is competent and "<u>cannot</u> be disregarded without comment," and the ALJ must provide specific reasons for doing so. <u>Bruce v. Astrue</u>, 557 F.3d 1113, 1116 (9th Cir. 2009) (emphasis in original) (citations and quotation marks omitted). An ALJ's failure to discuss competent lay testimony favorable to the claimant is error; and the Court cannot consider such error to be harmless unless it can confidently conclude that no reasonable ALJ, fully crediting the testimony, could have reached a different disability determination. <u>See</u> <u>Stout v. Comm'r Soc. Sec. Admin.</u>, 454 F.3d 1050, 1056 (9th Cir. 2006). In <u>Stout</u>, the court also noted that it had never found harmless error where an ALJ "silently disregarded" competent lay witness testimony without providing any explanation, emphasizing that a court could not affirm an agency's decision on grounds not invoked by the agency. 454 F.3d at 1056.

That said, this Circuit has long held that an ALJ need not discuss all evidence presented, and must only explain why "significant and probative" evidence has been rejected. <u>Vincent on Behalf of Vincent v. Heckler</u>, 739 F.2d 1393, 1394-95 (9th Cir. 1984). Nevertheless, multiple district courts in this Circuit, reading <u>Vincent</u> and <u>Stout</u> together, have concluded that an ALJ must consider and comment upon lay witness testimony that is uncontroverted and consistent

ORDER AFFIRMING COMMISSIONER - 7

with the medical evidence.  E.g., Self v. Comm'r of Soc. Sec., 2014 WL 1245865, at *7 (E.D. Cal. Mar. 21, 2014).

Although uncontroverted, it is difficult to see the evidence provided about plaintiff's ability to write as significant or probative given the paucity of evidence concerning the severity of this problem.  Assuming that the ALJ erred in not explicitly factoring this into his RFC or hypotheticals and in failing to explain this decision, the Court nevertheless finds this error harmless.  There is still too little in the record establishing the severity of this problem for any reasonable ALJ to conclude that this limitation would affect plaintiff's ability to perform the jobs identified for him.

### III.  CONCLUSION

For all of the foregoing reasons, the Court adopts the recommendation of the Magistrate Judge and AFFIRMS the decision of the Commissioner.

DATED this 7th day of May, 2015.

Robert S. Lasnik
United States District Judge

ORDER AFFIRMING COMMISSIONER - 8